# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **CAILYNN FIELD,** | ) | CASE NO. |
| | ) | |
| *Individually and on behalf of all others similarly situated,* | ) | JUDGE |
| | ) | |
| | ) | **PLAINTIFF'S CLASS ACTION** |
| Plaintiff, | ) | **AND COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| *v.* | ) | |
| | ) | *(Jury Demand Endorse Hereon)* |
| **351 NORTH AVON, INC.** | ) | |
| *d/b/a Alexandris Restaurant* | ) | |
| c/o Statutory Agent | ) | |
| Argyroula Kakava Sideris | ) | |
| 351 North Avon Ave. | ) | |
| Wadsworth, Ohio 44281 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| **ANASTASSIOS ALEXANDRIS** | ) | |
| 146 Main St. | ) | |
| Wadsworth, Ohio 44281 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| **ARGYROULA KAKAVA SIDERIS** | ) | |
| 6220 Mud Lake Rd. | ) | |
| Creston, Ohio 44217 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| **GEORGE SIDERIS** | ) | |
| 6220 Mud Lake Rd. | ) | |
| Creston, Ohio 44217 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Cailynn Field, on behalf of herself and all others similarly situated, for her Class and Collective Action Complaint against Defendants 351 North Avon, Inc. *doing business as* "Alexandris Restaurant," Anastassios Alexandris, Argyroula Kakava Sideris, and George Sideris (hereinafter also referred to as "Defendants"), states and alleges the following:

## INTRODUCTION

1.      The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA required Defendants to pay all non-exempt employees at least the applicable minimum wage for all hours worked. 29 U.S.C. § 206. Ohio Constitutional Law further required the payment of minimum wage and contained other compensation requirements and/or penalties. *See* Ohio Const. Article II, Section 34a.

2.      Plaintiff brings this case to challenge the practices and policies of Defendants that willfully violate the FLSA, 29 U.S.C. §§ 201-219, as well as the Constitution of the State of Ohio, Article II, Section 34a.

3.      Plaintiff brings this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability… may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated… [who] gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought" – on behalf of herself and other

employees who opt-into this action under the FLSA ("Opt-In Plaintiffs"), **COUNT ONE** of this Complaint.

4.      Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under Article II, Section 34a of the Ohio Constitution (the "State Law Class"), **COUNT TWO** of this Complaint.

5.      Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class now seek to exercise their rights to unlawfully unpaid minimum wages, additional statutory and constitutionally-mandated liquidated damages in this matter, other penalties and compensation available under federal and Ohio law, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.      This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

8.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and/or because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

9.      Plaintiff Cailynn Field is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Cailynn Field has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

10.     Defendant 351 North Avon, Inc. is an Ohio for-profit corporation with an operating location at 146 Main St. Wadsworth, Ohio 44281.[1] According to records maintained by the Ohio Secretary of State, Defendant 351 North Avon, Inc.'s Statutory Agent for service of process is Argyroula Kakava Sideris, 351 North Avon Ave., Wadsworth, Ohio 44281.[2]

11.     Defendant Anastassios Alexandris is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Alexandris Restaurant, "in relation to employees," including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class. Defendant Anastassios Alexandris is also an employer pursuant to Ohio Const. Article II, Section 34a and had operational control over significant aspects of Alexandris Restaurant's day-to-day functions. Defendant Anastassios Alexandris is an owner of Alexandris Restaurant[3] and, upon information and belief, the founder of the restaurant that bears his surname.

12.     Defendant George Sideris is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Alexandris Restaurant, "in relation to employees," including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class. Defendant George Sideris is also an employer pursuant Ohio Const.

---

[1] *See* https://www.facebook.com/p/Alexandris-Restaurant-100063769414154/ (last accessed November 22, 2023).
[2] https://businesssearch.ohiosos.gov?=businessDetails/4279401 (last accessed November 22, 2023).
[3] *See, e.g.,* https://www.medinacountyauditor.org/searchresults_php.php?parcel=040-20C-05-033 (last accessed November 22, 2023).

Article II, Section 34a and had operational control over significant aspects of Alexandris Restaurant's day-to-day functions.

13. Defendant Argyroula Kakava Sideris is an employer pursuant to 29 U.S.C. § 203(d) in that she is a "person [who] act[ed] directly or indirectly in the interest of an employer," Alexandris Restaurant, "in relation to employees," including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class. Defendant Argyroula Kakava Sideris is also an employer pursuant to Ohio Const. Article II, Section 34a and had operational control over significant aspects of Alexandris Restaurant's day-to-day functions.

14. The FLSA and Ohio law "contemplate[] there being several simultaneous employers who may be responsible for compliance with the FLSA."[4] "The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." [5]

15. Defendants Anastassios Alexandris, Argyroula Kakava Sideris, and George Sideris are and/or were, at all times relevant, individuals, who are an each an "employer" under the FLSA and Ohio law as person(s) who acted directly or indirectly in the interest of an employer in relation to employees – including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class – and who may have (1) owned, had an ownership interest in, or operated Alexandris Restaurant by or in conjunction with any of the other Defendants; (2) hired individuals, including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class as employees of any of the named Defendants; (3) been involved in Plaintiff's, other Opt-In Plaintiff's, and State Law Class members' damages; (4) had the authority to hire and fire

---

[4] *Dole v. Elliott Travel & Tours, Inc.*, 942 F2d 962, 965 (6th Cir. 1991) (citing *Falk v. Brennan*, 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973)).
[5] *Id.* (citing *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989) (per curiam)).

Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class; (5) supervised and controlled work schedules or the conditions of employment as to Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class; (6) determined the rate and method of payment as to Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class; (7) maintained or were required to maintain employment records in connection with Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class; and/or (8) are otherwise proper parties to this lawsuit as employers of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class under the FLSA and Ohio law.

16.     Defendants are each an employer of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class pursuant to the FLSA and Ohio law. Each Defendant is responsible, both individually, *jointly and severally*, for compliance with all of the applicable provisions of the FLSA and Ohio law.

## FACTUAL ALLEGATIONS

### Defendants' Business and Defendants' Statuses as Employers

17.     Defendants own and/or operate a restaurant in Wadsworth, Ohio named "Alexandris Restaurant."

18.     Defendants are each "employers" of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio Const. Article II, Section 34a.

19.     Defendants utilize non-exempt employees, including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class, in furtherance of their business purposes.

20.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

21.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

22.     Upon information and belief, Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's, other Opt-In Plaintiff's, and State Law Class Members' Non-Exempt Employment Statuses with Defendants

23.     Plaintiff Cailynn Field was employed by Defendants from approximately February 2023 to September 2023 as a non-exempt tipped employee and server.

24.     Throughout their employments, Defendants classified and paid Plaintiff, as well as other Opt-In Plaintiffs, and members of the State Law Class, as non-exempt employees.

25.     At all times relevant, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio Const. Article II, Section 34a.

26.     At all times relevant, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206.

27.     Part of Plaintiff's, other Opt-In Plaintiff's, and State Law Class members' job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce, on a daily basis, throughout their workdays. For example, Plaintiff's, other Opt-In Plaintiff's, and State Law Class members' job duties included regularly handling goods, products and other materials that were produced or moved in interstate commerce. In addition, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class use Defendants' systems that were connected interstate through telecommunications services, such

as Defendants' point of sale systems, well-established instrumentalities of interstate commerce, in their jobs to complete their job duties on a daily or hourly basis.

<u>The FLSA and Ohio Law's Minimum Wage<br/>and Tip/Tip Credit Requirements</u>

28.     The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206. The Ohio Constitution, for example, provides the following requirements for Ohio's minimum wage tip credit: "[a]n employer may pay an employee less than, but not less than half, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate for all hours worked." Ohio Const. Article II, Section 34a.

29.     Ohio's minimum wage, and therefore the FLSA minimum wage applicable to Ohio workers, is adjusted annually as specified by Ohio Const. Article II, Section 34a, and for tipped employees was $4.35 per hour plus tips totaling at least $8.70 per hour in 2020,[6] $4.40 per hour plus tips totaling at least $8.80 per hour in 2021,[7] $4.65 per hour plus tips totaling at least $9.30 per hour in 2022,[8]and is $5.05 per hour plus tips totaling at least $10.10 per hour in 2023.[9]

30.     The tip-credit provisions of the FLSA allow an employer to pay less than the statutory minimum wage provided that the employer complies with strict requirements, including the basic, fundamental requirement that the employer pays the applicable minimum wage for all hours worked.

---

[6] https://com.ohio.gov/documents/dico_2020MinimumWageposter.pdf (last accessed November 22, 2023).

[7] https://com.ohio.gov/documents/dico_2021MinimumWageposter.pdf (last accessed November 22, 2023).

[8] https://com.ohio.gov/about-us/media-center/news/minimum-wage-increase-announced (last accessed November 22, 2023).

[9] https://com.ohio.gov/static/documents/2023MWPoster.pdf (last accessed November 22, 2023).

**<u>Defendants' Failure to Pay Minimum Wage</u>**

31.     Defendants compensated Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class as tipped employees during Plaintiff's, other Opt-In Plaintiff's, and members of the State Law Class's employments; Defendants paid Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class less than the statutory minimum hourly wage, a sub-minimum wage, and took a "tip credit" against Defendants' minimum wage obligations.

32.     However, Defendants were prohibited from taking a tip credit when they failed to pay minimum wage for all hours worked.

33.     Defendants violated the FLSA and Ohio law,[10] and were thus not permitted to take a tip credit, because Defendants failed to pay minimum wage for all hours worked.

34.     During the course of Plaintiff's, other Opt-In Plaintiff's, and members of the State Law Class's employments, Defendants deducted (or simply did not compensate for) thirty (30) minutes per day from these employees compensable hours for an apparent "meal period" or "meal break." However, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were virtually always unable to take a meal break, took a shortened meal break, and/or otherwise were unable to take a fully uninterrupted meal break of thirty (30) minutes because they were actually working and performing the generally duties of their jobs. Defendants do not have an established policy and/or practice for reporting missed or interrupted meal breaks.

35.     By way of example, and as shown in the below timesheet screenshot showing hours worked, during the two-workweek pay period from September 3, 2023, to September 16,

---

[10] "Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage … compensation provisions." *Hurt v. Commerce Energy, Inc.,* N.D.Ohio No. 1:12-CV-758, 2017 U.S. Dist. LEXIS 128850, at *3-5 (Aug. 14, 2017), fn. 9; Ohio Const. Art. II, § 34a; Ohio Rev. Code §§ 4111.02-.03.

2023, Plaintiff Field worked five (5) days, or forty (40) hours, and received no meal break on any

day worked during this example two-workweek period:[11]



36.     However, despite Plaintiff Field working forty (40) hours without any meal break

on any day worked in this example two-workweek period, and despite that Defendants' own

timesheets do not demonstrate that a meal break was taken, Defendants unilaterally deducted 30

minutes for each workday, or 2.5 total hours during the two-workweek pay period, as

demonstrated in the paystub for the pay period of September 3, 2023, to September 16, 2023,

provided to Plaintiff Field by Defendants:

---

[11] During the two-workweek pay period from September 3, 2023 to September 16, 2023,
Plaintiff Field specifically worked 40 total hours, or 7.5 hours (6:30 a.m. to 2:00 p.m.) on
9/3/2023, 8 hours (6:30 a.m. to 2:30 p.m.) on 9/4/2023, 8 hours (5:30 a.m. to 1:30 p.m.) on
9/9/2023, 8 hours (6:30 a.m. to 2:30 p.m.) on 9/10/2023, and 8.5 hours (5:30 a.m. to 2:00 p.m.)
on 9/16/2023.



37.     Plaintiff Field, by way of example, for the vast majority of her employment, was unaware that Defendants were making a 30-minute deduction from her hours worked from each day worked because she never had the opportunity to take a 30-minute meal break during her employment due to the demanding nature of the job duties as a tipped employee-server at Alexandris. Moreover, Defendants knew or had reason to know that Plaintiff's, other Opt-In Plaintiffs,' and members of the State Law Class's meal breaks were entirely (or nearly always) missed, or otherwise shortened and/or interrupted by job duties. Defendants also knew or had reason to know that they were not compensating Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class for all hours, including compensable hours at the required minimum wage, worked when they deducted for untaken or missed meal breaks.

38.     As a result of Defendants' policy and/or practice of unilaterally making a 30-minute meal break deduction from Plaintiff's, other Opt-In Plaintiffs,' and members of the State Law Class's compensable hours worked for meal breaks that were not taken at all, or that were

11

otherwise interrupted by work duties, Defendants knew or had reason to know they were not compensating Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class for all hours worked.

39.    Defendants' tipped employee minimum wage practices and policies – resulting from Defendants' unilateral 30-minute deduction practices and policies – violated the FLSA and Ohio law because Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were paid, on average during a workweek, less than the required minimum wage for all hours worked.

40.    As a result of Defendants' unlawful and willful tipped employee minimum wage practices and policies, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class are entitled to the non-tipped employee full minimum wage plus tips for every hour of work that they performed for Defendants during the statutory period, or the difference between $8.70 per hour in 2020, $8.80 per hour in 2021, $9.30 per hour in 2022, and $10.10 per hour in 2023, and the wage paid by Defendants. Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class are entitled to receive the difference between the Ohio minimum wage rate and the tip credit adjusted minimum wage rate paid for each hour they worked for Defendants.

41.    In addition, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class are entitled to automatic triple damages for Defendants' minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a.

42.    The manner in which Defendants set up their time payment practices and policies were done in such a way as to inherently deduct time worked, in order to substantially reduce labor costs – work that should have been paid at full minimum wage. Defendants' practices and policies were antithetical to the tip credit provisions of the FLSA, Ohio law, and regulations thereunder that have the force of law.

43.     Defendants' pay practices were the result of systematic and company-wide policies originating at the management level. Defendants' policies with respect to the nonpayment of minimum wages resulted from knowing or reckless executive decisions. Defendants, through their owners, supervisors, and managers, personally knew that Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were performing work, and did not receive bona fide meal breaks, as a result of Defendants' own supervision, and thus Defendants' actions were deliberate and willful within the meaning of the FLSA and Defendants lacked a good faith basis for their actions. Defendants knew about the minimum wage requirements of the FLSA and Ohio law or acted in reckless disregard as to Defendants' obligations under the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

44.     In addition to the above allegations demonstrating the willfulness of Defendants' wage violations as provided for above, Defendants knew that Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were entitled to minimum wages under federal and state law or acted in reckless disregard for whether they were so entitled.

45.     By denying Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class minimum wages as required by the FLSA and Ohio law, Defendants' acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of minimum wages under federal and Ohio law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendants therefore

knew about the minimum wage requirements of the FLSA and Ohio law, or acted in reckless disregard as to Defendants' obligations under these laws.

46.     Moreover, Defendants' minimum wage obligations under the FLSA and Ohio law were clearly known by Defendants, but nonetheless willfully and intentionally disregarded. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting (applicable to 2023, by way of example) includes the language: "***TIPPED EMPLOYEES*… A Minimum Wage of \$5.05** per hour **PLUS TIPS**… **'Tipped Employees'** includes any employee who engages in an occupation in which he/she customarily and regularly receives more than thirty dollars (\$30.00) per month in tips. **Employers electing to use the tip credit provision must be able to show that tipped employees receive at least the minimum wage when direct or cash wages and the tip credit amount are combined**."[12] Similarly, the FLSA, 29 C.F.R. § 516.4, also required Defendants to inform their employees, including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class, of the tip credit and minimum wage provisions of the FLSA. *Id.* ("Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act … in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy.")

---

[12] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed November 22, 2023) (last sentence emphasis added).

47.     Defendants therefore knew about the minimum wage requirements of the FLSA and Ohio law, or acted in reckless disregard for whether Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were entitled to minimum wages.

48.     Defendants intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio law.

49.     Plaintiff and other Opt-In Plaintiffs are therefore entitled to liquidated damages equal to the amount of all unpaid minimum wages, pursuant to 29 U.S.C. § 260.

50.     Plaintiff and other Opt-In Plaintiffs who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class, are also entitled to damages in the amount of their unpaid minimum wages, as well as additional damages as required by Art. II, Sec. 34a of the Ohio Constitution in an additional amount equal to two times the amount of unpaid minimum wages, regardless of whether Defendants' failure to pay minimum wages was willful and/or are entitled to a defense based on good faith.

51.     The above payroll practices resulted in knowing and willful minimum wage and tip violations of the FLSA, 29 U.S.C. §§ 201-219; Ohio Const. Art. II, § 34a; and resulted in the unlawful deprivation of minimum wages to the benefit of Defendants and to the detriment of Defendants' employees, including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class.

**FLSA COLLECTIVE
MINIMUM WAGE ALLEGATIONS
(As to COUNT ONE)**

52.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53.     Plaintiff brings this case under the FLSA, 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

54.     Plaintiff brings this case on behalf of herself and a group of employees of Defendants (referred to herein as the "Opt-In Plaintiffs") who assert claims under the minimum wage provisions of the FLSA, 29 U.S.C. § 201, *et seq.* The potential "Opt-In Plaintiffs" who are "similarly situated" to Plaintiff with respect to Defendants' FLSA minimum wage violations include:

> **All current and former tipped employees (including but not limited to servers, hostesses, bussers and other employees with similar job titles and/or positions) of Defendants during the period of three years preceding the commencement of this action for whom Defendants took a tip credit and who received a meal deduction during any one workweek. [13]**

55.     Such persons are "similarly situated" with respect to Defendants' FLSA minimum wage violations, as to the collective group of employees identified above, in that all were non-exempt tipped employees of Defendants for whom Defendants took a tip credit, all were subjected to and injured by Defendants' unlawful practice of failing to pay minimum wage for all hours worked, and all have the same claims against Defendants for unpaid minimum wages as well as for liquidated damages, attorneys' fees, and costs.

56.     Plaintiff and potential Opt-In Plaintiffs, having willfully been not paid at least the federal and Ohio minimum wage for all hours they worked for Defendants pursuant to the

---

[13] Plaintiff respectfully reserves the right to amend and refine the definition of the Opt-In Plaintiffs group members she may seek to have the Court serve notice based upon further investigation and discovery.

common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 206.

57.     Plaintiff and potential Opt-In Plaintiffs have been similarly affected by the FLSA minimum wage violations of Defendants in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal and Ohio minimum wages.

58.     Plaintiff and potential Opt-In Plaintiffs have been damaged by Defendants' willful refusal to pay at least the federal and Ohio minimum wage for all hours worked. As a result of Defendants' willful FLSA violations, each Plaintiff and potential Opt-In Plaintiffs are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, interest, and attorneys' fees.

59.     Throughout her employment with Defendants, Plaintiff was subjected to the same tip credit and payroll practices and policies by Defendants that other potential Opt-In Plaintiffs were subjected to.

60.     Plaintiff is similarly situated to potential Opt-In Plaintiffs and will prosecute this action vigorously on their behalf.

61.     Plaintiff is entitled to send notice to all potential Opt-In Plaintiffs pursuant to Section 216(b) of the FLSA. Identification of potential Opt-In Plaintiffs is readily available from the timekeeping and compensation records, including scheduling, timekeeping and payroll data, maintained by Defendants. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA and decisional law.

62. Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

63. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to potential Opt-In Plaintiffs is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendants satisfied the FLSA's and Ohio law's requirements for payment of all statutory minimum wages.

64. The precise size and identity of the group of potential Opt-In Plaintiffs are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendants that Defendants were required to maintain, pursuant to the FLSA and Ohio law. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential Opt-In Plaintiffs consist of approximately forty (40) or more persons.

### OHIO CLASS ACTION
### MINIMUM WAGE ALLEGATIONS
### (As to COUNT TWO)

65. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of a group of employees of Defendants who assert claims under Art. II, § 34a of the Ohio Constitution (referred to herein as the "State Law Class"), defined as:

**All current and former tipped employees (including but not limited to servers, hostesses, bussers and other employees with similar job titles and/or positions) of Defendants during the period of three years preceding the commencement of this action for whom Defendants took a tip credit and who received a meal deduction during any one workweek.**

67.     There are questions of law or fact common to the State Law Class, including but not limited to:

>    Whether Defendants' conduct as described above violates Ohio Constitutional law governing payment of minimum wages;

>    Whether Defendants denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid minimum wages for all hours worked;

>    Whether Defendants denied Plaintiff and other members of the State Law Class minimum wages by, among other things, taking a tip credit when Defendants were not permitted to do so; and

>    What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendants' failure to pay minimum wages owed when the minimum wages were required to be paid.

68.     Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other State Law Class members.

69.     The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately forty (40) or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

70.     Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage and hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

71.     The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liabilities to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

72.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT ONE**</u>
**(FLSA Minimum Wage Violations)**
***On Behalf of Plaintiff and other Opt-In Plaintiffs who***
***Join this Action Pursuant to 29 U.S.C. § 216(b)***

73.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

74.     Plaintiff brings this claim for violation of the FLSA's minimum wage provisions on behalf of herself and other Opt-In Plaintiffs who join this case pursuant to 29 U.S.C. § 216(b).

75.     The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. *See* 29 U.S.C. § 206.

76.     Defendants failed to comply with the requirements of 29 U.S.C. § 206 by paying Plaintiff and other Opt-In Plaintiffs less than the applicable minimum wage for hours worked during one or more workweeks.

77.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including by refusing and/or failing to calculate and pay Plaintiff's and other Opt-In Plaintiff's minimum wages as required by federal law. 29 U.S.C. §§ 203, 206.

78.     Defendants' unlawful conduct directly and proximately caused Plaintiff and other Opt-In Plaintiffs to suffer damages for which they are entitled to judgment.

79.     Defendants' violations have been willful and/or in reckless disregard of Plaintiff and other Opt-In Plaintiff's rights, and entitle Plaintiff and other Opt-In Plaintiffs to liquidated damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Constitution Minimum Wage Violations)**
*On Behalf of Plaintiff, other Opt-In Plaintiffs,*
*and State Law Class Members*

80.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81.     Plaintiff brings this claim for violation of the Ohio's Constitutional minimum wage provisions contained within Art. II, Sec. 34a of the Ohio Constitution on behalf of herself and other Opt-In Plaintiffs and State Law Class members.

82.     The Ohio Constitution requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform.

83.     Based on the improper practices and policies described herein, Defendants failed to comply with the requirements of the Ohio Constitution by paying employees less than the applicable minimum wage rate.

84.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution, including by refusing and/or failing to calculate and pay Plaintiff's, other Opt-In Plaintiff's, and State Law Class members' minimum wages as required by the Ohio Constitution.

85.     Defendants' unlawful conduct directly and proximately caused Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class to suffer damages for which they are entitled to judgment.

86.     Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class are entitled to "equitable and monetary relief," including "two times the amount of the back wages," or triple damages, for Defendants' minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a.

[Plaintiff's *Prayer for Relief* follows on the next page.]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, other Opt-In Plaintiffs, and members of the

State Law Class, respectfully prays that this Honorable Court:

A.   Promptly order Defendants to provide all scheduling, payroll, timekeeping, and other relevant records necessary to determine similarly situated individuals;

B.   Prompt issuance of Court-approved notice to similarly-situated persons informing them of this action and enabling them to opt in;

C.   Tolling of the statute of limitations, *freely*, as to all would-be Opt-In Plaintiffs to the date this matter was initially filed,[14]

D.   Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class, who seek recovery under Ohio Const. Art. II, § 34a;

E.   Enter judgment against Defendants, *jointly and severally*, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class;

F.   Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and Ohio law in the amount of their unpaid minimum wages, as well as liquidated damages in an equal amount, in addition to penalty damages as applicable;

G.   Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class in the amount of their unpaid minimum wages, as well as additional automatic damages as required by Art. II, Sec. 34a of the Ohio Constitution in an amount equal to two times the amount of unpaid minimum wages;

H.   Designation of Plaintiff Field as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

I.   Award Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory damages and an award of damages representing Defendants' employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

---

[14] *Clark v. A&L Homecare & Training Ctr., LLC,* 68 F.4th 1003, 1017 (6th Cir.2023) (holding, by majority concurrence, that "given the court's new standard, district courts should freely grant equitable tolling to would-be opt-in plaintiffs.")

J.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221     F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, Ohio 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221     F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff, Opt-In Plaintiffs, and*
*Putative Class Counsel*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

_s/ Ryan A. Winters_
Ryan A. Winters (0086917)